**SOUTH SHORES CONCESSION, INC.,** Plaintiff and Respondent,

v.

**STATE of Utah, Division of Parks and Recreation, Harold J. Tippetts, Director and Ross B. Elliott, Director, Defendants and Appellants.**

No. 16482.

Supreme Court of Utah.

Sept. 7, 1979.

---

HALL, Justice:

Defendants appeal from a partial summary judgment which enjoins them from charging a use fee to persons entering the Great Salt Lake State Park.

The court below took no evidence. Hence, the record here consists only of the pleadings and supporting documents from which we abstract the pertinent facts.

Great Western Recreation (its name having since been changed to South Shores Concession, Inc., the plaintiff herein), previously operated recreational facilities on the south shore of the Great Salt Lake under a long-term lease from the Utah State Land Board. In 1975, the State of Utah, in furtherance of its decision to establish a state park in the area, negotiated a termination of the lease and entered into the shorter-term concession contract in question here. The concession contract contained the following relevant provisions:

6. *USE OF PREMISES*: The designated premises shall be used by the Concessioner only for operation of facilities as described herein.

a. Souvenirs, gifts, clothing and related items;

b. Food services and related sale of hot and cold foods, sandwiches and beverages, as authorized by the Division and the laws of the State of Utah and Salt Lake County;

c. Beach equipment rental and beach services.

d. Such other uses as may be approved in writing by the Division.

\* \* \* \* \* \*

25. *NEW CONCESSIONS*: It is anticipated that other and new concessions will be granted or created in the future. Division hereby grants to Concessioner the first right of refusal for any proposed concession to be constructed on lands covered by the lease described in Exhibit B of the original purchase contract between the Division and Great Western Recreation, Inc. dated July 1, 1975 upon the same terms and conditions as proposed to

Robert B. Hansen, Atty. Gen., Michael M. Quealy, Asst. Atty. Gen., Salt Lake City, for defendants and appellants.

James R. Brown, Salt Lake City, for plaintiff and respondent.

be offered to any other party or parties. Provided, however, that Concessioner must first demonstrate its capability, financially and otherwise, to operate any proposed new concession if the same is granted to Concessioner. If Concessioner declines its first right or [sic] refusal for a new concession, or is unable to demonstrate its financial capability to operate the same to the satisfaction of the Division, the Division shall put the new concession up for bid.

The parties acknowledge that other facilities may be developed in said State Park area other than the areas mentioned herein. Nothing herein shall be construed to give the Concessioner any exclusive rights to the Great Salt Lake, its beaches, harbors, docks or other facilities except as herein specifically stated.

In March, 1979, the State of Utah designated the Great Salt Lake State Park as a "fee area,"[1] whereby an entrance fee of $1.00 per day per vehicle was charged on entering the park. The overnight camping fee was $2.00 per day per vehicle. Monies collected from the fees charged were used for the operation and maintenance of the state park system.[2]

Plaintiff's complaint seeks no damages, but does seek both legal and equitable relief. It demands relief at law in the form of a declaratory judgment as to the respective contractual rights of the parties and relief in equity in the form of an injunction against the imposition of the use fees.

Defendants' answer sets forth affirmative defenses in support of their basic assertions that the imposition of use fees is not a concession and that the State of Utah is statutorily and contractually authorized to impose said fees.

Thus it is to be seen that the basic matter before the court was one at law, i. e. one in contract, and a possible breach thereof.

Equity may not generally be called upon where there is a choice between the ordinary process of law and the extraordinary remedy of injunction.[3] This Court, in *Halloran-Judge Trust Co. v. Heath*,[4] after construing an injunction as having the effect of enforcing specific performance of a contract, had this to say:

> The right to specific performance is essentially an exceptional one, and a decree for such relief is given instead of damages only when by this means a court can do more perfect and complete justice. Ordinarily, to entitle one to specific performance of a contract, he must show that a recovery of damages for its breach will not be an adequate remedy. If the breach of an agreement can be compensated for in damages specific performance will be denied.[5]

As noted supra, damages are not even sought in the instant case. Also, the affidavits filed in support of plaintiff's motion for summary judgment merely state conclusions and opinions rather than facts indicative of irreparable harm, or that it is otherwise entitled to equitable relief.[6]

Inasmuch as the trial court only saw fit to grant a *partial* summary judgment in favor of the plaintiff, it is apparent that it reserved and left pending the issues pertaining to the declaratory judgment demanded in the complaint, viz., whether or not the imposition of use fees constitutes a concession under the terms of the contract, and if so, whether plaintiff is entitled to the rights thereto. Also, if it should be determined that plaintiff is not entitled thereto, an additional issue remains as to whether or not the imposition of such fees constitutes

---

1. The day use and camping fees are part of a general collection program applicable to this and 26 other state parks throughout the state as provided for by U.C.A., 1953, 63–11–17(2).

2. The Appropriations Bill of the 1979 Utah Legislature mandates that use fees meet 40 percent of park operating costs.

3. 42 Am.Jur.2d, Injunctions, Sec. 39.

4. 70 Utah 124, 258 P. 342 (1927).

5. Quoting 25 R.C.L. Sec. 28.

6. See Rule 65A(e), Utah Rules of Civil Procedure which sets forth the grounds necessary for injunctive relief.

an infringement upon and an impairment of plaintiff's contractual rights.[7]

It is also of note that a *partial* summary judgment is not generally a *final* judgment and hence it is not appealable under the limitations proscribed by Rule 72(a).[8] Also, the record before us contains no order of finality as provided for by Rule 54(b) [9] as would now support an appeal, nor is the matter presented as an interlocutory appeal provided for by Rule 72(b).[10]

Consistent with the foregoing, the appeal in this matter is dismissed without prejudice to another appeal at the proper time pursuant to Rule 76(c), Utah Rules of Civil Procedure, and the matter is remanded to the trial court with instructions for further proceedings consistent with this opinion.

No costs awarded.

CROCKETT, C. J., and MAUGHAN, WILKINS and STEWART, JJ., concur.

---

**7.** See 17 Am.Jur.2d, Contracts, Sec. 256. See also, *Weber Meadow-View v. Wilde*, Utah, 575 P.2d 1053 (1978).

**8.** Utah Rules of Civil Procedure.

**9.** Ibid. As we stated in *Kennedy v. New Era*, No. 15969, filed August 30, 1979, 517 P.2d 534, a strong reason supporting this rule is that the trial court, having an overview of the total litigation, is in a position to determine whether such an order would promote efficiency, serve the ends of justice, and save this Court from having to deal with the same or similar issues in a piecemeal fashion. It is also of note, that when the rule is invoked, the trial court is thereby afforded an opportunity to reevaluate the efficacy of its decision.

**10.** Ibid.